NORTH SHORE ELECTRIC LIGHT & POWER CO. v. PORT JEFFERSON ELECTRIC LIGHT CO.

(Supreme Court, Appellate Division, Second Department. May 29, 1912.)

INJUNCTION (§ 67*)—EXERCISE OF FRANCHISE.

A corporation, organized to furnish light, heat, and power, which has no exclusive franchise to supply electricity while another corporation, organized for the same purpose, has a franchise to supply electricity is in existence, cannot restrain the latter corporation from exercising its franchise in a town without the consent of the town or the Public Service Commission.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 135; Dec. Dig. § 67.*]

Appeal from Special Term, Suffolk County.

Action by the North Shore Electric Light & Power Company against the Port Jefferson Electric Light Company. From an order of the Special Term dismissing an injunction, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

George E. Darling, of Port Jefferson, for appellant.
Thomas J. Ritch, Jr., of Port Jefferson, for respondent.

WOODWARD, J. The plaintiff is a domestic corporation, organized under the laws of the state of New York for the purpose of furnishing light, heat, and power, and it is alleged that it was granted a franchise by the town authorities of Brookhaven township on the 11th day of March, 1909, to erect its poles and string its wires upon the streets and avenues of said town, and that it subsequently secured the consent of the Public Service Commission as required by law, and it is sought in this action, in which the temporary injunction was granted, to restrain the defendant, Port Jefferson Electric Light Company, from invading the field covered by the plaintiff's alleged franchise from the town authorities of Brookhaven. The complaint alleges that "the plaintiff and the defendant are domestic corporations"; and it is further alleged that the defendant was incorporated about the year 1893, and that without securing any franchise from the town authorities it has been doing business, and that it is now

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

proposing, without the consent of the Public Service Commission, to invade the territory in which the plaintiff is now engaged in furnishing current. On the return of an order to show cause, the learned court at Special Term has vacated the injunction, and the plaintiff appeals from the order.

The order appealed from should be affirmed. Both the plaintiff and the defendant have franchises, granted by the state; but neither of them has an exclusive franchise. The plaintiff concedes that it had not an exclusive franchise, in the sense that the defendant could not be given one; but it contends that the defendant, having failed to get the consent of the Public Service Commission, has no legal right to invade its field. The difficulty with the plaintiff's position is that it fails to recognize that the defendant has exactly the same franchise rights that it has; the defendant has merely failed to comply with one of the conditions of its franchise. In other words, the defendant has a franchise from the state of New York to furnish electricity to consumers, subject to certain conditions, and this franchise proceeds from its incorporation, and not from any supposed grant from the town authorities or the Public Service Commission. D., L. & W. R. R. Co., v. City of Buffalo, 158 N. Y. 478, 480, 53 N. E. 533; s. c., 65 Hun, 464, 20 N. Y. Supp. 448; People v. Kerr, 27 N. Y. 188; Story v. N. Y. E. R. R. Co., 90 N. Y. 122, 43 Am. Rep. 146. The very moment that the defendant corporation was organized it had its franchise to supply electric current within its territory, though its right to exercise that franchise is made to depend on the performance of other conditions. As the plaintiff has no exclusive franchise while the defendant's franchise is in existence, it can have no standing in an action to restrain the defendant from exercising its franchise. If the defendant attempts to exercise its franchise rights without complying with the conditions, there is a way, no doubt, of reaching the difficulty; but it is not open to the plaintiff through an equitable action, for the Legislature has never granted it any exclusive rights as against a corporation organized under the same laws and holding the same character of franchise.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.